[No. G038800. Fourth Dist., Div. Three. Mar. 26, 2008.]

REZA AKHLAGHI et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Richard Schwartzberg for Petitioners.

No appearance for Respondent.

Tony Rackauckas, District Attorney, and Craig McKinnon, Deputy District Attorney, for Real Party in Interest.

OPINION

**ARONSON, J.**—Reza Akhlaghi, Pablo Garro, Jose Medina, Arianna Barros, Oscar Molina, Sunday Loyola, Apolinar Contreras, and Roberto Alvarez are salesmen, sales managers, and credit managers at North County Toyota of Anaheim. They challenge the trial court's order denying their Penal Code section 995 motion to set aside their indictment for conspiracy to submit false written financial statements. (Pen. Code, §§ 182, subd. (a), 532a, subd. (1); all further undesignated section references are to the Penal Code.) The overt acts charged in the indictment boil down to submission of false Social Security numbers to assist customers in obtaining credit to purchase vehicles.

Petitioners argued below that submitting the false Social Security numbers did not violate section 532a, subdivision (1), which penalizes a knowing "false statement in writing . . . *respecting the financial condition, or means or ability to pay*, of himself, or any other person . . . ." (Italics added.) Petitioners relied on *People v. Vincent* (1993) 19 Cal.App.4th 696, 702 [23 Cal.Rptr.2d 714] (*Vincent*), which held false statements concerning a name, address, or Social Security number "d[o] not involve financial condition within the meaning of section 532a, subdivision (1)." Based on *Vincent*, the trial court granted petitioners' dismissal motion as to the substantive charges against each defendant under section 532a, subdivision (1)—but not the conspiracy charge. Petitioners contend, and we agree, that because submis-

sion of the false Social Security numbers does not amount to making a false financial statement in violation of section 532a, subdivision (1), submission of those same numbers is likewise insufficient to support a conspiracy to make a false financial statement under that statute. We therefore grant the petition and direct the trial court to vacate its denial and enter a new and different order dismissing the conspiracy charge.

I

FACTUAL AND PROCEDURAL BACKGROUND

Following grand jury proceedings in 2006, the district attorney obtained an indictment charging defendants with six counts of violating section 532a, subdivision (1). Not every defendant was named in each count, but most defendants faced at least three counts. The indictment, in count 7, also charged all the defendants with "CONSPIRACY TO SUBMIT FRAUDU-LENT CREDIT APPPLICATIONS," designating section 532a, subdivision (1), as the applicable statute.[1] The indictment specified 19 overt acts. Those 19 acts break down roughly into eight categories: (1) meeting with a customer who was attempting to return a car she could not afford; (2) convincing the same customer to refinance and repurchase the car; (3) two acts of telling customers to provide their tax identification number in lieu of a Social Security number; (4) three acts of telling customers to provide an invalid Social Security number on the credit application; (5) three acts of filling out credit applications on behalf of undercover officers posing as customers; (6) verifying the Social Security number provided by the officer was false; (7) two acts of reviewing sales and finance contracts with undercover officers posing as customers; and (8) six acts of approving the sales of cars based on the false credit applications.

The prosecutor argued below that though the overt acts did not themselves constitute a violation of section 532a, subdivision (1), defendants undertook

---

[1] Section 532a, subdivision (1), provides: "Any person who shall knowingly make or cause to be made, either directly or indirectly or through any agency whatsoever, any false statement in writing, with intent that it shall be relied upon, respecting the financial condition, or means or ability to pay, of himself, or any other person, firm or corporation, in whom he is interested, or for whom he is acting, for the purpose of procuring in any form whatsoever, either the delivery of personal property, the payment of cash, the making of a loan or credit, the extension of a credit, the execution of a contract of guaranty or suretyship, the discount of an account receivable, or the making, acceptance, discount, sale or indorsement of a bill of exchange, or promissory note, for the benefit of either himself or of such person, firm or corporation shall be guilty of a public offense."

those acts as part of their scheme to provide false Social Security numbers on the customers' written credit applications, which the prosecutor insisted violated the statute. As noted, the trial court disagreed based on *Vincent* and therefore dismissed the six substantive counts against defendants under section 532a, subdivision (1). The court, however, refused to dismiss the conspiracy count, reasoning: "These guys all work for the same car dealership. Same dealership. They are all salespeople, for the most part . . . . There is this lower burden of proof [probable cause] that I am alluding to with counsel that you want this court to reweigh . . . . [¶] . . . [T]here appears to be a common purpose, and the common purpose is to submit bad information on credit applications, whether [that] totally complies with [section] 532 or it doesn't." Petitioners now seek writ relief.

## II

## DISCUSSION

■ Petitioners contend the trial court's dismissal of the substantive charges under section 532a, subdivision (1)—but not the conspiracy charge—is fatally inconsistent. We agree the conspiracy charge should have been dismissed. By analogy, this case falls within the "conspiracy exception" to the general rule permitting inconsistent verdicts. *People v. Pahl* (1991) 226 Cal.App.3d 1651 [277 Cal.Rptr. 656] (*Pahl*) explains that the exception applies, " 'for example, where a conspiracy count alleges as the only overt act a crime set forth specifically in another count, and the defendant is found not guilty of the specific crime, but is found guilty of conspiracy; such an inconsistency invalidates the conspiracy conviction. [Citations.]' " (*Id.* at p. 1660, italics omitted; see also Levenson & Ricciardulli, Cal. Criminal Law (2005) Conspiracy and Gang Crimes, § 12:14, p. 749 ["if the only overt acts alleged are also charged as substantive crimes, acquittal on the substantive crimes invalidates the conspiracy conviction"].)

■ Here, the prosecutor's case rested on defendants' submission of false Social Security numbers. The indictment identified no other overt acts involving allegedly false financial statements. As the trial court recognized, *Vincent* disposed of the prosecutor's reliance on false Social Security numbers to prove the crime proscribed in section 532a, subdivision (1). The trial court, however, should have gone a step further because, under the conspiracy

exception described in *Pahl*, dismissal of the substantive counts against defendants rendered any eventual conspiracy conviction a nullity.

Although the district attorney did not appeal the trial court's dismissal of the substantive counts, he attempts to preserve the conspiracy count by distinguishing *Vincent*. In *Vincent*, the defendant opened a bank account using a fictitious name, address, and Social Security number. The defendant subsequently deposited a fraudulent cashier's check and sought to obtain immediate release of the funds. The purported issuing bank, however, detected the fraudulent nature of the check and alerted defendant's bank. A jury convicted defendant of fraud for submitting the forged check and found defendant guilty on a separate count for filing a false financial statement, based on her use of a false Social Security number.

The reviewing court reversed the latter conviction for lack of evidence, observing: "Nowhere on the account applications, the request for automated teller card, or the inquiry regarding identification [fn. omitted] were there any representations regarding the business or financial condition of appellant or her means or ability to pay. The false statements contained in these documents involved appellant's name, address, and Social Security number; *they did not involve financial condition within the meaning of section 532a, subdivision (1).*" (*Vincent, supra,* 19 Cal.App.4th at p. 702, italics added.)

The Attorney General in *Vincent* emphasized that the purpose of furnishing the false Social Security number was, as here, to obtain a benefit through fraud, but the reviewing court explained: "While the evidence sufficiently demonstrates the intent necessary for the crime, it is nevertheless inadequate to establish the conduct proscribed by section 532a, subdivision (1)." (*Vincent, supra,* 19 Cal.App.4th at p. 703.)

■ Here, the district attorney attempts to distinguish *Vincent* on the grounds that a credit application for the purchase of an automobile is different from an application to open a bank account. The district attorney contends the purpose of the Social Security number in *Vincent* was only to establish identity but, in the context of a credit application at an automobile dealership, the number "is the portal or doorway into a potential buyer's financial condition." The distinction escapes us, however, because a person's name and address are also portals or doorways to their financial condition, but they manifestly only establish identity. A name or address does not itself constitute

a statement of "financial condition, or means or ability to pay," as required by section 532a, subdivision (1); nor does a Social Security number, as *Vincent* recognized.

■ Two other details persuade us *Vincent* was correctly decided and remains controlling here. First, turning to subdivision (4) of section 532a, *Vincent* persuasively demonstrated section 532a, subdivision (1) does not have the meaning the district attorney proposes. Subdivision (4), an amendment added in 1982, elevates violation of subdivision (1), normally a misdemeanor, to a felony *only if* the person also uses "a fictitious name, social security number, business name, or business address, or by falsely representing himself or herself to be another person or another business . . . ."[2]

*Vincent* concluded section 532a, subdivision (4) operates as a "punishment enhancement" provision. (*Vincent, supra*, 19 Cal.App.4th at p. 703.) Consequently, submitting a false Social Security number establishes the enhancement, but is not itself enough to show a violation of section 532a, subdivision (1). As *Vincent* explained, the enhancement amendment did not "obviate[]" the elements of subdivision (1), but instead still required "a false statement respecting 'financial condition, or means or ability to pay.' " (*Vincent, supra*, 19 Cal.App.4th at p. 703; see Judicial Council of Cal. Crim. Jury Instns. (2007–2008) CALCRIM No. 2023 [jury to decide question of false identifying information only "[i]f you find the defendant guilty" of making false financial statement].)

■ Secondly, section 530.55, adopted in 2006, states that for purposes of the Penal Code chapter governing "False Personation and Cheats"—which includes section 532a—a Social Security number is "personal *identifying* information." (§ 530.55, subd. (b), italics added.) The Legislature thus endorsed *Vincent*'s holding a Social Security number is identifying information rather than a financial statement, and we decline the district attorney's invitation to flout legislative intent.

---

[2] Section 532a, subdivision (4), provides in relevant part: "Any person committing a public offense under subdivision (1), (2), or (3) shall be guilty of a misdemeanor . . . . Any person who violates the provisions of subdivision (1), (2), or (3), by using a fictitious name, social security number, business name, or business address, or by falsely representing himself or herself to be another person or another business, is guilty of a felony . . . ."

## III

## DISPOSITION

Let a peremptory writ of mandate issue directing the trial court to vacate its denial in part of petitioners' section 995 motion and enter a new and different order dismissing the conspiracy charge. Stay dissolved.

Sills, P. J., and Rylaarsdam, J., concurred.